UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                )
                                      )
Aubrey McLean Pottinger,              )    Case No. 09-81990C-7D
                                      )
         Debtor.                      )

## OPINION AND ORDER

This case came before the court on August 9, 2012, for hearing on the Debtor's motion pursuant to section 722 of the Bankruptcy Code to redeem a 2004 Nissan automobile which is subject to a lien held by Nissan Motor Acceptance Corporation ("NMAC"). In order to redeem under section 722 the Debtor is required to pay NMAC "the amount of the allowed secured claim . . . that is secured by such lien in full at the time of redemption."

The problem with the motion is that the Debtor proposes to use the NADA trade-in value of the Nissan as the standard for determining the amount of the allowed secured claim of NMAC, which is not permissible.

In a chapter 7 case, valuation of property and determination of secured status is controlled by section 506(a)(2) of the Bankruptcy Code which provides:

> If the debtor is an individual in a case under chapter 7 or chapter 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a

> retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

The foregoing provision of section 506 describes the applicable standard for determining the allowed amount of a secured claim where the debtor in a chapter 7 case seeks to redeem personal property that is subject to a perfected security interest. Under this provision, if the property sought to be redeemed is a motor vehicle that was acquired for personal, family or household purposes, the applicable standard is "the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."

For valuation purposes, it is immaterial that this case is a converted case in which there was a valuation of the Nissan while this case was proceeding under chapter 13. Although valuations that were made during a chapter 13 case formerly were carried over to the chapter 7 case when there was a conversion from chapter 13 to chapter 7, this was changed in 2005 by an amendment to section 348(f) of the Bankruptcy Code. Section 348(f)(1)(B) now provides that "valuations of property and of allowed secured claims in the chapter 13 case apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7 . . . ."

Section 722 permits an individual debtor to redeem tangible personal property by paying "the allowed secured claim" to the secured creditor. In order to utilize section 722, a debtor must

comply with section 506(a)(2) in establishing the amount of the allowed secured claim that must be paid to the secured creditor. The Debtor's proposed use of NADA trade-in value in determining the value of the Nissan sought to be redeemed does not comply with section 506(a)(2). The Motion therefore will be denied without prejudice to the Debtor filing an amended motion.

    IT IS SO ORDERED.

PARTIES IN INTEREST

William L. Yaeger, Esq.
P.O. Box 100
Durham, NC 27702-0100

Audrey M. Pottinger
1615 Peace Street
Durham, NC 27701-1448

Nisan Motor Acceptance, Corp.
P.O. Box 660366
Dallas, TX 75266-0366

Richard M. Hutson, II